IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-01451-SKC

EVER CRUZ CRUZ,

      Petitioner,

v.

JUAN BALTAZAR, *et al.*,

      Respondents.

---

## ORDER

---

Before the Court is Petitioner's Motion to Enforce (Dkt. 19). Petitioner Ever Cruz Cruz is a native and citizen of Honduras who entered the United States without inspection on March 22, 2009, and was subsequently detained by ICE on December 5, 2025. Dkt. 1, ¶¶24, 40–41.[1] Petitioner filed his Petition for Writ of Habeas Corpus on April 6, 2026, and asserted a claim for violation of his Fifth Amendment Due Process rights. Dkt. 1, ¶¶62–72. On May 4, 2026, this Court granted Mr. Cruz Cruz's Petition and ordered the government to provide Mr. Cruz Cruz with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the Order. Dkt. 12, p.13.

---

[1] The rest of the details and facts pertinent to Mr. Cruz Cruz's Habeas Petition can be found in this Court's Order granting the Petition. *See* Dkt. 12.

On May 5, 2026, Petitioner filed an Emergency Motion for Reconsideration (Dkt. 13), which this Court denied. *See* Dkt. 14. On May 6, 2026, Petitioner filed an Emergency Motion to Clarify (Dkt. 15) requesting that the Court clarify the burden of proof for the bond hearing. The Court issued an Order on May 8, 2026, clarifying that Respondents bore the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence. Dkt. 18.

On May 14, 2026, Petitioner filed the current Motion to Enforce the Court's Orders (Dkt. 12 and Dkt. 18). *See* Dkt. 19. In his Motion, Petitioner argues that "the Immigration Court's written decision confirms that the hearing did not comply with this Court's order regarding the evidentiary burdens of proofs because the Immigration Judge denied bond based on the same untested, disputed, and unsupported allegations that made a constitutionally adequate hearing necessary in the first place." *Id.* at p.1. Specifically, Petitioner disputes the IJ's reliance on the Form I-213, which noted that Petitioner allegedly sent "threatening text messages" through the Smartlink APP to a staff member. *Id.* at ECF p.34. Petitioner alleges that this evidence is insufficient and the IJ's decision "does not quote the messages, attach the messages, identify the recipient, identify the language used, provide a translation, identify the date or time of the messages, explain the context of the exchange, or cite testimony from any person who received, reviewed, or authenticated them." *Id.* at pp.6–7.

Respondents argue in their Response that petitioner has not exhausted his administrative remedies because he has not appealed the IJ's denial of bond to the BIA. Dkt. 21, p.4. But exhaustion is only statutorily required in the immigration context for appeals of final orders of removal. *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026); *see also Lara Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *4 (D. Colo. May 15, 2026) (exercising the court's discretion to find that petitioner was not required to exhaust his administrative remedies before the BIA where petitioner challenged the sufficiency of his bond hearing). Accordingly, this Court finds that Petitioner was not required to appeal the IJ's bond determination to the BIA before filing his Motion to Enforce.

Next, Respondents argue that Petitioner essentially "objects to the manner in which the IJ considered the evidence" in arriving at their conclusions and "the substantive decisions the IJ reached are not reviewable by this Court." Dkt. 21, p.6. 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." But "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated." *Maldonado Ochoa v. Baltazar*, No. 16-cv-01449-PAB, 2026 WL 1615245,

3

at *2 (D. Colo. June 5, 2026) (quoting *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010)). And where a petitioner argues that an immigration judge applied an improper legal standard in violation of a court order, rather than seeking to set aside an immigration judge's custody determination, the court is "assessing whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives." *Quiroz Zacarias*, 2026 WL 1092162, at *3; *see also Lara Mejia*, 2026 WL 1361514, at **1–2.

The Court agrees with Respondents. In a similar case in this district before Judge Brimmer, a petitioner argued that a Form I-213 was insufficient evidence of flight risk and the immigration judge instead "should have considered petitioner's testimony about the nature of the alleged ATD violations, the fact that he 'has been overwhelmingly compliant with ATD requirements an check-ins,' and petitioner's letters of support." *Maldonado Ochoa*, 2026 WL 1615245, at *2. Judge Brimmer concluded that petitioner's argument "asks that the Court reweigh evidence." *Id.* The same is true here. The IJ explicitly referenced the burdens of proof imposed by this Court, discussed the evidence, and came to a conclusion based on that evidence. *See* Dkt. 19, ECF p.15. Petitioner's argument that Respondents should have called witnesses or provided the Smartlink text messages asks this Court to find that the IJ put too much weight on the Form I-213 in the absence of other evidence; that is to say, Petitioner requests this Court reweigh the evidence. It cannot do so.

*         *         *

4

For the reasons shared above, Petitioner's Motion to Enforce (Dkt. 19) is DENIED.

DATED: June 22, 2026.

BY THE COURT

S. Kato Crews
United States District Judge